# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------X
HAN-CHING HUANG,                                    :
                                                    :
     Plaintiff,                                     :
                                                    :        COMPLAINT
          v.                                        :        FOR PATENT
                                                    :        INFRINGEMENT
HARBOR FREIGHT USA TOOLS, INC.,                     :
                                                    : JURY TRIAL DEMANDED
                                                    :
     Defendant.                                     :
-------------------------------------------------------------X
```

Plaintiff, Han-Ching Huang, by and through plaintiff's attorneys, states the following complaint against defendant Harbor Freight USA Tools, Inc. ("Defendant"):

## THE PARTIES

1.  Plaintiff, Han-Ching Huang, is an individual who resides in Taiwan ("Plaintiff") and is the owner of all rights under United States Patent No. 7,281,701 entitled "Fastener for Straps" (the "'701 Patent").  A true and correct copy of the '701 Patent is attached hereto as **EXHIBIT A**.

2.  Upon information and belief, Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") is a corporation organized and existing under the laws of Delaware, and having a principal place of business at 26541 Agoura Road in California that manufacture and/or distributes and/or sells a device called the "Retractable Ratcheting Tie Down" throughout the United States and, more particularly, in Connecticut, which infringes Plaintiff's patent rights.  Harbor Freight

does business within this judicial district through numerous retail outlets located in the state of Connecticut.

3.      This is an action for patent infringement.  Jurisdiction is founded on the existence of a federal question arising under the Acts of Congress relating to Patents, 35 U.S.C.  §§ 271; 281-285, and pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper under 28 U.S.C. §§ 1400(b), as Defendant is a corporation regularly doing business and residing in this judicial district.

5.      This Court has personal jurisdiction over Defendant because it has committed acts of infringement in Connecticut by offering for sale, selling, using and importing products that infringe the '701 Patent in Connecticut and/or put products into the stream of commerce which have been sold in Connecticut.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      On or about August 5, 2014, Huang, through the Law offices of Michael Chen, wrote a second letter to reiterate to Harbor Freight that their 'Retractable Ratcheting Tie Downs" infringed Huan's U.S. '701 Patent, and that Harbor Freight should immediately cease and desist from manufacture and sale of the accused product; a true and correct copy of which is attached hereto as **EXHIBIT B.**

## COUNT ONE

(Against Harbor Freight USA Tools, Inc.

For Infringement of U.S. Patent No. 7,281,701)

7.      As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 6 of this complaint as a part of this Count.

8.      Plaintiff is the owner of all rights under the '701 Patent.

9.     Defendant has imported, manufactured, used, sold, and/or offered for sale hand tool adapters in the United States that infringe the Patent.  Despite a warning letter from the Plaintiff (**EXHIBIT B** hereto), such infringement continues. Defendant's acts and omissions constitute direct, contributory and/or inducement of infringement of the '701 Patent either literally or under the doctrine of equivalence.

10.     Plaintiff has never authorized Defendant at any time to make, use or sell any products covered by the '701 Patent.

11.     Plaintiff has been damaged by Defendant's infringement of the '701 Patent, whether literally or under the doctrine of equivalence, such damages including, without limitation, lost profits, and/or royalty income, and/or damages on account of such infringement and because of convoyed sales, and the Defendant has been unjustly enriched by such infringement, on account of its profits, its failure to pay a royalty to plaintiff and/or convoyed sales.

12.     Plaintiff has also suffered irreparable harm by Defendant's infringement of the '701 Patent and will continue to suffer irreparable harm in the future, unless Defendant is preliminarily and permanently enjoined from infringing the '701 Patent.

13.     Defendant has had actual knowledge of the '701 Patent at all pertinent times herein, and its infringement of the Patent has been, and continues to be, willful, wanton, malicious and deliberate.  The circumstances of such infringement warrant findings that above-complained of infringement was and continues to be willful and this case to be exceptional under 24 U.S.C. §§ 284 and 285.

3

**COUNT TWO**

(Against Harbor Freight USA Tools, Inc. for

Contributing to and/or Inducing Patent Infringement

of U.S. Patent No. 7,281,701)

14.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 13 of this complaint as a part of this Count.

15.     Upon information and belief, Defendant has actively induced and/or contributed to infringement of the '701 Patent by importing into the United States hand tools which infringe the '701 Patent and Defendant is accordingly liable as a contributory and/or inducing infringer of the '701 Patent pursuant to 35 USC 271 (b).

16.     Such actions have damaged Plaintiff on account of lost sales, loss of royalties and have enriched Defendant on account of convoyed sales, and have unjustly enriched and profited Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(1)     A judgment that the '701 Patent is valid and that Defendant has infringed the Patent.

(2)     A permanent injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under or through them, directly or indirectly from infringing patent rights of the Plaintiff;

(3)     A judgment and order requiring Defendant to pay damages to Plaintiff, including damages under 35 U.S.C. § 284, with prejudgment interest;

(4)     An order requiring Defendant to recall from its distributors, wholesalers, retailers and customers any product found to infringe the Patent.

(5)     An order requiring Defendant to account to Plaintiff for any and all profits derived by Defendant from the sale of its infringing products and/or a reasonable royalty and for all other damages sustained by Plaintiff by reason of said acts of infringement complained of herein.

(6)     For a judgment according to the circumstances of the case and pursuant to 35 U.S.C § 284 for such sum above the amount found in actual damages, but not to exceed three times such amount as the Court may deem just.

(7)     A judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees pursuant to 35 U.S.C. § 285; and

(8) Such other and further relief as this Court may deem just and equitable.


Dated:        May 5, 2015                    By: /s/ Anthony H. Handal
                                            Anthony H. Handal (CT 03837)
                                            Handal & Morofsky
                                            Attorneys for Plaintiff
                                            501 Kings Highway East
                                            Fairfield, Connecticut 06825
                                            Tel. 917 880 0811
                                            handal@HandalGlobal.com


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated:        May 5, 2015                    By: /s/ Anthony H. Handal
                                            Anthony H. Handal (CT 03837)
                                            Handal & Morofsky
                                            Attorneys for Plaintiff
                                            501 Kings Highway East
                                            Fairfield, Connecticut 06825
                                            Tel. 917 880 0811
                                            handal@HandalGlobal.com

EXHIBIT A

Case 3:15-cv-00738-JAM   Document ...   Filed ...   Page ...

US007281701B1

(12) **United States Patent**
Huang

(10) **Patent No.:** **US 7,281,701 B1**
(45) **Date of Patent:** **Oct. 16, 2007**

(54) **FASTENER FOR STRAPS**

(76) Inventor: **Han-Ching Huang**, No. 12, Alley 111, Lane 437, Chen Hsing Road, Taichung (TW)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **11/615,214**

(22) Filed: **Dec. 22, 2006**

(51) **Int. Cl.**
*B21F 9/00* (2006.01)

(52) **U.S. Cl.** .................. **254/218**; 254/238; 24/70 ST; 24/69 CT

(58) **Field of Classification Search** ............... 254/217, 254/218, 237, 238; 24/68 R, 70 ST, 69 ST, 24/69 CT
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

4,227,286 A * 10/1980 Holmberg ............... 24/68 CD

5,943,742 A * 8/1999 Huang ..................... 24/68 CD
6,609,275 B1 * 8/2003 Lin ......................... 24/68 CD
6,682,053 B1 * 1/2004 Chou ......................... 254/218

OTHER PUBLICATIONS

Taiwanese Patent Publication No. 225765, Feb. 2006, 6 pages.

* cited by examiner

*Primary Examiner*—Emmanuel M Marcelo
(74) *Attorney, Agent, or Firm*—Alan Kamrath; Kamrath & Associates P.A.

(57) **ABSTRACT**

A fastener includes a frame, a handle and a reel inserted through the frame and handle so that a strap can be reeled when the reel is rotated. Two protective units are formed on the frame and handle so that a strap can be reeled from the handle or the frame. Two ratchet wheels are connected to the reel. A first detent is movable on the frame for engagement with the ratchet wheels. A second detent is movable on the handle for engagement with the ratchet wheels.

**14 Claims, 17 Drawing Sheets**



Case 3:15-cv-00738-JAM Document 1 Filed 05/16/15 Page 8 of 30



Fig.1



Fig.2



# Fig.3



Fig.4



Fig.5



Fig.6



Fig.7



# Fig.8

Case 3:15-cv-00738-JAM   Document 1   Filed 05/16/15   Page 16 of 30



Fig.9

Case 3:15-cv-00738-JAM   Document 1   Filed 05/16/15   Page 17 of 30



Fig.10



Fig.11

Case 3:15-cv-00738-JAM   Document 1   Filed 05/16/15   Page 19 of 30



Fig.12

Case 3:15-cv-00738-JAM   Document 1   Filed 05/16/15   Page 20 of 30



Fig.13



Fig.14



Fig.15



Fig.16



## Fig.17
## PRIOR ART

US 7,281,701 B1

1

## FASTENER FOR STRAPS

### BACKGROUND OF INVENTION

1. Field of Invention

The present invention relates to a fastener for straps.

2. Related Prior Art

Taiwanese Patent Publication No. 225765 discloses a conventional fastener. The fastener includes a reel 4, a first handle 1 connected to the reel 4, a second handle 2 connected to the reel 4, two ratchet wheels 6 connected to the reel 4, a first spring-loaded detent 3 located on the first handle 1 and a second spring-loaded detent 5 located on the second handle 2. A first strap B is connected to the first handle 1 while a second strap B is connected to the reel 4. The first handle 1 includes two walls each including a first arched edge, a second arched edge and a shoulder 12 between the first and second arched edges. The second handle includes two cams. To fasten the straps B, the second handle 2 is pivoted from the first handle 1. The pivoting is limited by the second spring-loaded detent 5 pressing against the shoulders 12 of the first handle 1. To loosen the straps B, the second spring-loaded detent 5 is moved onto the second arched edges of the first handle 1 and, therefore, kept from the ratchet wheels 6 while the first spring-loaded detent 3 is disengaged from the ratchet wheels 6 by the cams of the second handle 2. However, it is difficult to reel in the second strap B. Referring to FIG. 17 of the drawings of the present application, the second arched edges of the first handle 1 are pushed by the second spring-loaded detent 5 while the cams of the second handle 2 are pushed by the first spring-loaded detent 3 so that the reel 4 is "handcuffed" by the handles 1 and 2.

The present invention is therefore intended to obviate or at least alleviate the problems encountered in the prior art.

### SUMMARY OF INVENTION

According to the present invention, a fastener includes a frame, a handle and a reel inserted through the frame and the handle so that a strap can be reeled when the reel is rotated. Two protective units are formed on the frame or the handle for protecting the reel from the handle or the frame. Two ratchet wheels are connected to the reel. A first detent is movable on the frame for engagement with the ratchet wheels. A second detent is movable on the handle for engagement with the ratchet wheels.

The primary advantage of the fastener according to the present invention is free reeling of the strap since the protective units keep the reel from the handle or the frame.

Other advantages and features of the present invention will be apparent from the following description referring to the drawings.

### BRIEF DESCRIPTION OF DRAWINGS

The present invention will be described via detailed illustration of five embodiments referring to the drawings.

FIG. 1 is a perspective view of a fastener according to the first embodiment of the present invention.

FIG. 2 is an exploded view of the fastener shown in FIG. 1.

FIG. 3 is a cross-sectional view of the fastener taken along a line 3-3 shown in FIG. 1.

FIG. 4 is a cross-sectional view of the fastener taken along a line 4-4 shown in FIG. 3.

2

FIG. 5 is an exploded view of a fastener according to the second embodiment of the present invention.

FIG. 6 is a perspective view of a fastener according to the third embodiment of the present invention.

FIG. 7 is an exploded view of the fastener shown in FIG. 6.

FIG. 8 is a cross-sectional view of the fastener taken along a line 8-8 shown in FIG. 6.

FIG. 9 is a cross-sectional view of the fastener taken along a line 9-9 shown in FIG. 8.

FIG. 10 is an enlarged view of the fastener in another position than shown in FIG. 9.

FIG. 11 is a reduced side view of the fastener in another position than shown in FIG. 10.

FIG. 12 is an exploded view of a fastener according to the fourth embodiment of the present invention.

FIG. 13 is a cross-sectional view of the fastener shown in FIG. 12.

FIG. 14 is a perspective view of a fastener according to the fifth embodiment of the present invention.

FIG. 15 is an exploded view of the fastener shown in FIG. 14.

FIG. 16 is a cross-sectional view of the fastener shown in FIG. 14.

FIG. 17 is a side view of a conventional fastener.

### DETAILED DESCRIPTION OF EMBODIMENTS

Referring to the FIGS. 1 through 4, a fastener is shown according to a first embodiment of the present invention.

The fastener includes a frame 10, a reel 12, two ratchet wheels 13, a handle 20, a first detent 14 and a second detent 22.

The frame 10 includes two walls on a floor. Each of the walls of the frame 10 includes an aperture 102 in an end, two arched ridges 104 around the aperture 102, a first arched edge 101 at the end, a second arched edge 106, a cutout 103 in the second arched edge 106, a shoulder 108 between the arched edges 101 and 106 and a slot 109 therein.

The handle 20 includes two walls and a grip 21 between the walls. Each of the walls of the handle 20 includes a cam 202 at an end, a slot 203 therein and a boss 204 thereon within the slot 203. An aperture 201 is defined in each of the cams 202.

The reel 12 is rotationally inserted in the apertures 201 of the handle 20 and the apertures 102 of the frame 10. The arched ridges 104 are inserted in the apertures 201.

Each of the ratchet wheels 13 includes ratchets 131. The ratchet wheels 13 are non-rotationally connected to the reel 12.

The first detent 14 includes two fins 141 inserted through the slots 109 of the walls of the frame 10 for engagement with the ratchets 131 of the ratchet wheels 13. A spring is compressed between the first detent 14 and a tab raised from the floor of the frame 10 for keeping the fins 141 engaged with the ratchets 131.

The second detent 22 includes two fins 221 inserted through the slots 203 of the walls of the handle 20 for engagement with the ratchets 131 of the ratchet wheels 13. The second detent 22 includes a grip 222 thereon and an aperture 223 therein.

An elastic element 23 is provided between the second detent 22 and a portion of the handle 20 for keeping the fins 221 engaged with the ratchets 131. The elastic element 23 is a torque spring with a helical portion, a first end extending from the helical portion and a second end extending from the helical portion. The helical portion of the elastic element 23

US 7,281,701 B1

3

is mounted on the boss **204** of the walls of the handle **20**. The first end of elastic element **23** is located against the wall of the handle **20**. The second end of the elastic element **23** is inserted through the aperture **223** of the second detent **22**.

Referring to FIG. **11**, a first strap **41** is connected to a crossbar **11** provided between the walls of the frame **10** while a second strap **40** is connected to the reel **12**.

To fasten the straps **40** and **41**, the handle **20** is pivoted from the frame **10**. The ratchet wheels **13** are rotated by the second detent **22** connected to the handle **20**. The rotation of the ratchets **13** is allowed by the first detent **14** moving on the frame **10**. The second strap **40** is wound onto the reel **12** connected to the ratchet wheels **13**. When the handle **20** is pivoted towards the frame **10**, the second detent **22** rattles on the ratchet wheels **13** while the first detent **14** keeps the ratchet wheels **13** in position. The handle **20** is pivoted to and fro with respect to the frame **10** so that the straps **40** and **41** are fastened.

To loosen the straps **40** and **41**, a user pulls the second detent **22** from the ratchet wheels **13** by the grip **222**. The user pivots the handle **20** from the frame **10**. The fins **221** are moved, past the shoulders **108**, onto the second arched edges **106** from the first arched edges **101** with the second arched edges **106** disengaging the fins **221** from the ratchets **131** and with the cams **202** disengaging the fins **141** from the ratchets **131**. Thus, the second strap **40** can be reeled out.

The reel **12** is protected from the handle **20** by the arched ridges **104** inserted in the apertures **201**. That is, the reel **12** is not clamped by the handle **20** and the frame **10** and therefore can easily be rotated.

Referring to FIG. **5**, a fastener is shown according to a second embodiment of the present invention. The second embodiment is like the first embodiment except that each of the walls of the frame **10** is formed with an annular ridge **105** instead of the arched ridge **104**.

Referring to FIGS. **6** through **11**, a fastener is shown according to a third embodiment of the present invention. The third embodiment is identical to the first embodiment except including an automatic reeling device **30**.

The automatic reeling device **30** includes a cover **31** attached to one of the walls of the handle **20** and a coil spring **32** formed with an end connected to the wall of the handle **20** and another end connected to the cover **31**.

The cover **31** covers the coil spring **32**. The cover **31** includes a wall **311** and a plurality of hooks **313** extending from the wall **311**. Each of the hooks **313** is inserted through an aperture **205** defined in the wall of the handle **20**.

Referring to FIGS. **12** and **13**, a fastener is shown according to a fourth embodiment of the present invention. The fourth embodiment is like the third embodiment except for two things. Firstly, the arched ridges **104** are omitted. Secondly, arched ridges **206** are formed around the aperture **201** in each of the cams **202**. The arched ridges **206** keep the reel **12** from the frame **10** so that the reel **12** can freely be rotated.

Referring to FIGS. **14** through **16**, a fastener is shown according to a fifth embodiment of the present invention. The fifth embodiment is like the third embodiment except including a cylinder **16**. The ratchet wheels **13** are connected to the cylinder **16** instead of the reel **12**.

The fastener according to the present invention exhibits advantages. Firstly, the reeling out is easy since the arched ridges keep the reel **12** from the handle **20**.

Secondly, the reeling out is easy since the arched ridges keep the reel **12** from the frame **10**.

Thirdly, the reeling in after use is easy because of the automatic reeling device **30**.

4

The present invention has been described via the detailed illustration of the embodiments. Those skilled in the art can derive variations from the embodiments without departing from the scope of the present invention. Therefore, the embodiments shall not limit the scope of the present invention defined in the claims.

What is claimed is:

**1**. A fastener comprising:

a frame;

a handle;

a reel inserted through the frame and the handle so that a strap can be reeled when the reel is rotated;

two protective units formed on one of the frame and handle for protecting the reel from the remaining one of the frame and the handle, wherein each of the protective units comprises at least two arched ridges;

two ratchet wheels connected to the reel;

a first detent movable on the frame for engagement with the ratchet wheels; and

a second detent movable on the handle for engagement with the ratchet wheels.

**2**. The fastener according to claim **1** wherein the protective units are formed on the frame.

**3**. The fastener according to claim **1** wherein the protective units are formed on the handle.

**4**. The fastener according to claim **1** wherein the arched ridges are formed on the frame, and the frame defines two apertures each defined within the arched ridges of a related one of the protective units, and the handle defines two apertures in which the arched ridges are inserted for protecting the reel from the handle when the reel is inserted through the apertures of the frame and the handle.

**5**. The fastener according to claim **1** wherein the arched ridges are formed on the handle, and the handle defines two apertures each defined within the arched ridges of a related one of the protective units, and the frame defines two apertures in which the arched ridges are inserted for protecting the reel from the handle when the reel is inserted through the apertures of the frame and the handle.

**6**. The fastener according to claim **1** wherein the second detent comprises a grip operable for disengaging the second detent from the ratchet wheels.

**7**. The fastener according to claim **1** comprising an automatic reeling device provided between the handle and the reel.

**8**. The fastener according to claim **7** wherein the automatic reeling device comprises a coil spring connected to the handle at an end and connected to the reel at another end.

**9**. The fastener according to claim **8** wherein the automatic reeling device comprises a cover attached to the handle for covering the coil spring.

**10**. A fastener comprising:

a frame;

a handle;

a reel inserted through the frame and the handle so that a strap can be reeled when the reel is rotated;

two protective units formed on one of the frame and handle for protecting the reel from the remaining one of the frame and the handle, wherein each of the protective units comprises an annular ridge;

two ratchet wheels connected to the reel;

a first detent movable on the frame for engagement with the ratchet wheels; and

a second detent movable on the handle for engagement with the ratchet wheels.

**11**. The fastener according to claim **10** wherein the annular ridges are formed on the frame, and the frame

US 7,281,701 B1

5

defines two apertures each defined within a related one of the annular ridges, and the handle defines two apertures in which the annular ridges are inserted for protecting the reel from the handle when the reel is inserted through the apertures of the frame and the handle.

12. A fastener comprising:

a frame;

a handle;

a reel inserted through the frame and the handle so that a strap can be reeled when the reel is rotated;

two protective units formed on one of the frame and handle for protecting the reel from the remaining one of the frame and the handle;

two ratchet wheels connected to the reel;

a first detent movable on the frame for engagement with the ratchet wheels;

6

a second detent movable on the handle for engagement with the ratchet wheels;

an automatic reeling device provided between the handle and the reel and comprising, a coil spring connected to the handle at an end and connected to the reel at another end, and a cover attached to the handle for covering the coil spring, wherein the cover is formed with hooks, and the handle defines apertures for receiving the hooks.

13. The fastener according to claim 12 comprising an elastic element provided between the handle and the second detent.

14. The fastener according to claim 13 wherein the elastic element is a torque spring.

*     *     *     *     *

EXHIBIT B

*Law Offices of*

# Michael Chen

3333 S. Brea Canyon Rd., Suite #213                              Phone: (909) 563-4987
Diamond Bar, CA 91765                                              Fax: (909) 468-5020

E-MAIL: mchen@mcheniplaw.com

**August 5, 2014**
**VIA Certified Mail**

Attn: Chief Legal Counsel
HARBOR FREIGHT TOOLS
3660 E. Foothill Blvd,
Pasadena, CA 91107

Dear Sir/Madam,

This is your second formal warning concerning your sold and/or is currently selling "Retractable Ratcheting Tie Downs" which infringes Mr. Han-Ching Huang 's U.S. Patents including US 7,281,701 ("the '701 patent").This second formal warning letter follows the first written warning letter which was issued to you on August 14, 2014.

**We hereby demand you take the following immediate steps:**

1.  Cease and desist from any sales, marketing, advertising or distribution of all products related to the infringing products;

2.  Account to us for all infringing products you have purchased, sold and/or remains in inventory or in the process of manufacture; including by way of example but not limitation, the model name and stock number, the price paid, and the price at which the item was offered to the public at retail;

3.  Identifying all parties who were involved in the design and/or manufacturing of the infringing products;

4.  Remove all references to the infringing products from any and all websites, catalogs or other materials carrying photographs, references, offers of sale or any other mention or description of the infringing products; and

5. Confirm to us in writing within **7** days of your receipt of this letter and your agreement to comply with the terms of this letter.

If you do not file a written response by the date listed above that we will engage in litigation with you.

Che-Yang (Michael) Chen, Esq.

2